IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:06-cr-27 |
| | ) | |
| JAMES E. HOUSTON | ) | |

### MEMORANDUM AND ORDER

On April 19, 2006, the defendant pled guilty to a two-count information charging him with conspiracy to conduct an illegal gambling operation, *i.e.*, "the numbers," in violation of 18 U.S.C. §§ 371 and 1955 (count one) and with conspiracy to launder proceeds of an illegal gambling operation, in violation of 18 U.S.C. §§ 1956(h) and 1957 (count two) [*see* Doc. 36]. On July 19, 2006, the court sentenced the defendant to a term of imprisonment of twelve months and one day [*see* Doc. 105]. This matter is presently before the court on defendant's motion for reconsideration of that sentencing decision [Doc. 108].[1] The court notes that the defendant, through counsel, represents that the government does not oppose this motion [*id.*, p. 5]. Thus, this matter is now ripe for adjudication. For the reasons that follow, defendant's motion will be granted to the extent that the court will not impose a term of incarceration but instead will impose a term of probation of two years.

---

[1] The court notes for the record that a written judgment has not been entered in this case.

In support of his motion, the defendant sets forth a number of factors which this court previously considered at the time of sentencing, *i.e.*, his age, his strong familial relationships, his financial and emotional support for his children and his mother, his strong support of many civic organizations, and his providing free housing for a number of displaced families. The court has also reviewed again the extent of the defendant's substantial assistance, and has considered the substantial assets which he has forfeited to the government. However, the most compelling argument asserted by the defendant is one which the court did not consider at the time of sentencing. Specifically, defense counsel represents as follows:

> Undersigned counsel has practiced before the United States District Court for the Eastern District of Tennessee since 1988 and has been involved in the representation of individuals in a number of gambling prosecutions over the years. These prosecutions have involved video poker machines and illegal bookmaking. To undersigned counsel's knowledge, no participant in these activities, who pled guilty, cooperated, and received a Motion for Downward Departure from the United States, including those who were denominated to be an organizer or leader under the Federal Sentencing Guidelines, have ever been sentenced to a term of incarceration in the Northern Division of the Eastern District of Tennessee.

[Doc. 108, p.4]. The court has now independently researched this area and concludes that defense counsel is indeed correct. Thus, under these unique circumstances, the court concludes that it would be inconsistent and unjust to sentence this defendant to a term of incarceration, when all other similarly situated

2

defendants have received a term of probation. If anything, this court strives mightily to impose sentences in criminal cases in a fair and consistent manner. In light of this new information, the court is of the definite and firm opinion that it has not done so in this particular case.

18 U.S.C. § 3553(a) provides the factors which this court must consider in imposing a sentence, directing that the court shall "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph 2 of 18 U.S.C. § 3553 states that the court shall consider the following with respect to the need for the sentence imposed:

> A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> B. to afford adequate deterrence to criminal conduct;
>
> C. to protect the public from further crimes of the defendant; and
>
> D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Giving due weight to the above factors, the court is now of the opinion that a sentence of twelve months and one day is greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just

3

punishment for the offense, or to afford adequate deterrence.[2] Having said that, the court agrees with the defendant that the original sentence was too harsh and greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), and that the motion to reconsider is well taken.

For the reasons foregoing, defendant's motion for reconsideration of the court's sentencing decision [Doc. 108] is hereby GRANTED, whereby the defendant will not be incarcerated but will be placed on probation for a term of **two years**. In all other respects, the judgment imposed on July 19, 2006, is hereby AFFIRMED. The Clerk is DIRECTED to prepare an appropriate judgment reflecting this necessary change.

**ENTER:**

_____
James H. Jarvis
UNITED STATES DISTRICT JUDGE

---

[2]There is nothing in this record to suggest that there is any need to protect the public from any further crimes from this defendant or that he needs any type of educational or vocational training.

4