IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:06-cr-27 |
| | ) | |
| JAMES E. HOUSTON | ) | |

**MEMORANDUM AND ORDER**

On April 19, 2006, the defendant pled guilty to a two-count information charging him with conspiracy to conduct an illegal gambling operation, *i.e.*, "the numbers," in violation of 18 U.S.C. §§ 371 and 1955 (count one) and with conspiracy to launder proceeds of an illegal gambling operation in violation of 18 U.S.C. §§ 1956(h) and 1957 (count two) [*see* Doc. 36]. On July 19, 2006, the court conducted a sentencing hearing in open court and, among other things, imposed a term of imprisonment of twelve months and one day [*see* Doc. 105].

On July 24, 2006, before a written judgment was entered, the defendant filed a motion for reconsideration of the court's sentencing decision [*see* Doc. 108]. In particular, the defendant sought a term of probation or time in a half-way house as opposed to this term of incarceration. Although the defendant discussed several

factors to support his motion, only the following caused some consternation to the court because all others had been fully considered before sentencing:

> 9. Undersigned counsel has practiced before the United States District Court for the Eastern District of Tennessee since 1988 and has been involved in the representation of individuals in a number of gambling prosecutions over the years. These prosecutions have involved video poker machines and illegal book making. To undersigned counsel's knowledge, no participant in these activities, who pled guilty, cooperated, and received a Motion for Downward Departure from the United States, including those who were denominated to be an organizer or leader under the Federal Sentencing Guidelines, have [sic] ever been sentenced to a term of incarceration in the Northern Division of the Eastern District of Tennessee.[1] Undersigned counsel recognizes that every case is different; however, counsel respectfully suggests that treating similarly situated defendants convicted of similar offenses is a relevant and appropriate consideration for the Court. ...

[*See* Doc. 108-1, p.4]. Moreover, in considering the above, the court was mindful of the following critical representation by defense counsel:

> (11) Undersigned counsel is authorized to represent to this Court that the United States does not oppose this motion for reconsideration if the Court deems it appropriate to reconsider Mr. Houston's sentence.

[Id. at p.5].

---

[1] This portion of the brief was supported by the affidavit of David M. Eldridge, attorney of record for the defendant [*see* Doc. 108-2, p.2].

On July 27, 2006, this court filed a memorandum and order [Doc. 110] in which it granted defendant's motion to the extent that no term of incarceration was imposed; rather, a term of probation of two years would be ordered. In reaching this conclusion, the court focused on the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *see* 18 U.S.C. § 3553(a)(6), and made the following observation:

> The court has now independently researched this area and concludes that defense counsel is indeed correct. Thus, under these unique circumstances, the court concludes that it would be inconsistent and unjust to sentence this defendant to a term of incarceration, when all other similarly situated defendants have received a term of probation. If anything, this court strives mightily to impose sentences in criminal cases in a fair and consistent manner. In light of this new information, the court is of the definite and firm opinion that it has not done so in this particular case.

[*See id.*, pp.2-3].

Therefore, the court held that "a sentence of twelve months and one day is greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, or to afford adequate deterrence." [*Id.* at pp.3-4]. The court further observed "that the original sentence was too harsh and greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)" [*id.* at p.4]. Moreover, given the fact that defense counsel represented that the government had no objection to this motion for reconsideration,

3

the court believed this matter was fully concluded and entered a written judgment on July 31, 2006, reflecting this change [*see* Doc. 112].

Less than three days later, however, the government cries "Foul" in the strongest possible language, and now seeks to strike that amended judgment [*see* Doc. 116].² The defendant has timely responded to the government's motion [*see* Doc. 133], and the government has in turn replied to that response [*see* Doc. 136]. Thus, this matter is once again ripe for adjudication. For the reasons that follow, the court is constrained to grant the government's motion whereby an amended judgment will be entered reflecting the sentence of twelve months and one day imposed on July 19, 2006.

I.

The court will first address a procedural issue raised by the government in its motion. The government complains that it was entitled to ten days within which to respond to defendant's motion for reconsideration filed on July 24, 2006. According to its calculations, the government had up to and including August 7,

---

²Again, it must be emphasized that this court never entered a written judgment reflecting the original term of imprisonment of 12 months and one day. The court assumes that the government is referring to an "amended judgment" in the sense that the written judgment "amends" the original oral sentence. The court takes no issue with this description.

4

2006, within which to do so, and the court did not allow that much time to pass before considering the merits of defendant's motion for reconsideration.

Ordinarily, the government would be correct. The government or the defendant for that matter would have ten days to respond to a "garden variety" motion in a criminal case, unless a motion for extension of time were filed and granted. It is also undisputed the court did not wait for the usual amount of time to expire as the memorandum and order at issue was filed just three days after defendant's motion for reconsideration.

The government must be reminded, however, that defense counsel represented in no uncertain terms that the government had no objection to that motion for reconsideration. Furthermore, this court was of the opinion that if the defendant were, in effect, to be resentenced, this resentencing must occur within seven days after the sentence had been orally imposed. The court's opinion was based on the unambiguous language of Federal Rule of Criminal Procedure 35, which requires any correction based on "arithmetical, technical, or other clear error" to occur within seven days after sentencing, *i.e.*, seven days after "the oral announcement of the sentence." Fed. R. Crim. P. 35(a) and (c). According to the

5

court's calculation, this resentencing had to occur on or before July 28, 2006.[3] The Sixth Circuit has recently confirmed this court's interpretation of Rule 35, holding that "Rule 35 requires a district court to actually resentence a defendant within the seven-day period therein prescribed." *United States v. Vicol*, 460 F.3d 693, 69_, (6th Cir. 2006). Otherwise, the district court is deprived of jurisdiction. *Id.* at 69__. Consequently, had the court waited until August 7, 2006, for the government's response, as the government now suggests, the court would have been totally deprived of jurisdiction to resentence this defendant. The wait in and of itself would have mooted defendant's request. Moreover, the court saw no reason to wait in light of defense counsel's representation that the government had no objection to the court reconsidering the defendant's sentence. The court therefore finds no merit to the government's position on this procedural issue under these circumstances.

II.

In its pending motion, the government also represents that there was some sort of misunderstanding between defense counsel and the attorney for the government. The government specifically states the following:

---

[3]The court calculates this date pursuant to Federal Rule of Criminal Procedure 45, which dictates that when computing time for purposes of the criminal rules, the court is to exclude the day of the act that begins and exclude intermediate Saturdays, Sundays, and legal holidays, since the period at issue is less than 11 days. Fed. R. Crim. P. 45(a)(1)-(2).

> When the undersigned discussed this proposed motion with defense counsel, he was assured by defense counsel that any statement of the position of the United States to be included in the forthcoming motion would be e-mailed to the undersigned for approval prior to the filing of the motion. No e-mail or any other communications were sent to the undersigned prior to filing. The language used in Paragraph 11 was not cleared by the United States prior to filing, and, to the extent that it implies that the United States does not oppose the reduction of sentence sought by the motion does not accurately communicate the position of the United States. While the undersigned told defense counsel that he would defer to the Court as to whether the Court wanted to reconsider the sentence, in no way did the undersigned indicate to defense counsel that the United States did not oppose a reduction in the sentence initially pronounced.

[*See* Doc. 116, pp.1-2].

In response, defense counsel candidly admits that he informed the attorney for the United States that he would e-mail the precise language that would be used to describe the United States' position and that he simply failed, "through oversight," to do so [*see* Doc. 133, p.3]. Defense counsel apologizes to the government's attorney and to the court. Nevertheless, in light of the government's position, as will be more fully discussed below, the government's own description of its conversation with defense counsel is inconsistent with its present position. It is also very troublesome to the court.

The government now states, in no uncertain terms, that this court has no jurisdiction to reconsider this or any other resentence. If that be the case, the court is hardpressed to understand why that message was not unequivocally communicated to defense counsel prior to the filing of the motion to reconsider. In other words, it did not really matter what was contained in that motion since it is the government's universal position that a motion to reconsider this or any other sentence, except within the narrow confines of Rule 35(a) or 18 U.S.C. § 3582, is not allowed. Obviously, any motion filed by defense counsel in this case had to be based on something other than Rule 35(a) and 18 U.S.C. § 3582, and the attorney for the government was undoubtedly cognizant of that fact.

And, unfortunately for the defendant, the government is correct. As the Sixth Circuit has observed in *United States v. Durham*, 178 F.3d 796, 800 (6th Cir.), *cert. denied*, 528 U.S. 1033 (1999), Rule 35(c) (which is now incorporated in Rule 35(a)) does not give a district court jurisdiction to reconsider its sentence due to a perceived misinterpretation of sentencing factors. The Sixth Circuit has even more recently reaffirmed this principle in *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006): "In the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence ... ." Here, contrary to defendant's insistence, the "otherwise final sentence" was imposed on July 19, 2006.

In view of these authorities, the court is left with no alternative but to reimpose the original sentence. For the record, this court was acutely aware that it was on legal ground of questionable firmness when it granted defendant's motion to reconsider; nevertheless, it did so only because of the representation that the government would have no objection to a reconsideration of defendant's sentence and because the court did not fully consider one of the factors set forth in 18 U.S.C. § 3553(a), *i.e.*, sub-part 6 which *requires* a consideration of "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" The court was of the firm and definite opinion that it failed to do so, and it is still of that same opinion.

Although the government relies on six cases from the Eastern District of Tennessee to support its position that the basis for any reduction of defendant's sentence to probation is "flawed," [*see* Doc. 116, p.2], the court disagrees. As defendant points out, all cases relied on by the government are from the Chattanooga Division of this district. When this court entered its memorandum and order on July 27, 2006, the undersigned had only reviewed the cases in the Knoxville division since that was the sole basis set forth in the defendant's motion for reconsideration. The court's review of those cases fully supported defendant's position. Consequently, this court was concerned that it had not been consistent in its sentencings and, in particular, had not been fair to this defendant. It must be

9

emphasized too that the government's brief does not make it clear as to the extent of those defendants' cooperation nor the amount of assets which those defendants forfeited to the government. All of this makes it extremely difficult to accurately compare those defendants to this defendant. What is clear, however, is that Mr. Houston's cooperation was extensive and the amount of assets forfeited was, by any measure, substantial. In the end, however, all of this matters not because this court is constrained to follow the law in light of the government's revised position.

III.

Therefore, this court is compelled to reimpose the sentence originally announced on July 19, 2006. Accordingly, the government's motion to strike amended judgment [Doc. 116] is hereby GRANTED to the extent that the judgment imposed on July 31, 2006 [Doc. 112] is VACATED. The Clerk is DIRECTED to prepare an appropriate amended judgment reflecting that the defendant is to serve a term of incarceration of **twelve (12) months and one (1) day**. All other aspects of that original judgment are likewise AFFIRMED.

**E N T E R :**

<u>       s/  James H. Jarvis       </u>
UNITED STATES DISTRICT JUDGE