IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
v. ) No. 3:06-cr-27
)
JAMES E. HOUSTON )

## **MEMORANDUM AND ORDER**

This matter is presently before the court on defendant's motion to continue his release on the existing bond pending appeal [Doc. 142].[1] The government opposes defendant's motion [*see* Doc. 144]. For the reasons that follow, defendant's motion will be granted.

---

[1] Defendant timely filed his notice of appeal to the amended judgment on October 11, 2006 [*see* Doc. 143].

I.

Title 18 U.S.C. § 3143(b)[2] requires a district court to make two findings before granting bail pending appeal: (1) the convicted person will not flee or pose a danger to the community if the court grants bail; and (2) "'the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.'" *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985) (quoting 18 U.S.C. § 3143(b)(2)). In its opposition, the government contends that the defendant cannot satisfy the second prong of the statute because

---

[2]Title 18 U.S.C. § 3143(b) provides in pertinent part:

> (b) **Release or detention pending appeal by the defendant.** - (1) ... the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ... be detained, unless the judicial officer finds -
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -
>
> . . .
>
> (iii) a sentence that does not include a term of imprisonment ...
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title ... .

2

he has failed to raise a substantial question of law or fact. Because the court will release the defendant on bond pending his appeal, it will be necessary to examine both prongs of this statute.

A.

First, Mr. Houston must demonstrate by clear and convincing evidence that he will neither flee nor pose a danger to the community if the court grants bail. An examination of the record readily demonstrates why the government does not pitch its battle on this issue.

Mr. Houston pled guilty on April 19, 2006, to a two-count information charging him with conspiracy to conduct an illegal gambling operation, *i.e.*, "the numbers," in violation of 18 U.S.C. §§ 371 and 1955 (count one), and with conspiracy to launder proceeds of an illegal gambling operation, in violation of 18 U.S.C. §§ 1956(h) and 1957 (count two) [*see* Doc. 36]. On that same day, Mr. Houston was released by this court on a signature bond in the amount of $1,000 and placed upon pretrial supervision [*see* Docs. 39-40].

When his bond was originally set, the record indicated that Mr. Houston had extensive ties to this area: he had lived in the Knoxville area for more than 20 years; his mother resided in Knoxville; and he had multiple business interests in the

Knoxville area. None of that has changed. The record also indicates that Mr. Houston has appeared as required at every court date and that he has complied fully with the conditions of his bond. Finally, and very significantly, the nature of the gambling and money laundering offenses to which Mr. Houston entered a guilty plea does not involve any violence or risk of danger to any person or to the community. Consequently, the record easily supports a finding by clear and convincing evidence that Mr. Houston poses no risk of flight during the pendency of his appeal, nor does he pose a danger to any person or to the community.

B.

The second factor which the defendant must satisfy is that his appeal raises a substantial question of law or fact. Furthermore, that substantial question of law or fact must satisfy one of the subparts of that statute. Here, defendant relies on subpart (iii) which discusses a sentence which does not include a term of imprisonment.

The term "substantial question" has been defined by the courts as a "'close question or one that could go either way'". *Pollard*, 778 F.2d at 1182 (quoting *United States v. Powell*, 761 F.2d 1227, 1233 (8th Cir. 1985)). In this case, the unusual procedural posture of this case creates such a close legal question which could go either way. On July 19, 2006, Mr. Houston appeared before the court for

4

sentencing and a sentence of 12 months and one day incarceration was orally imposed [*see* Doc. 105]. On July 24, 2006, before a written judgment was entered, defense counsel filed a motion for reconsideration of the court's sentencing decision [*see* Doc. 108]. In particular, defense counsel sought a term of probation or time in a half-way house for Mr. Houston as opposed to this term of incarceration [*id.*]. In his motion, defense counsel raised, among other grounds, that this court had not fully considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). Defense counsel also attached his affidavit indicating his research to support this motion [*see* Doc. 108-2].

After conducting its own independent research in this area, the court concluded that defense counsel was correct, finding in particular "that it would be inconsistent and unjust to sentence this defendant to a term of incarceration, when all other similarly situated defendants have received a term of probation." [*See* Doc. 110, pp.2-3]. Accordingly, the court granted Mr. Houston's motion for reconsideration on July 27, 2006 [*id.* at p.4]. In granting that motion, the court also noted that the government had no opposition to it [*id.* at p.1]. On July 31, 2006, a judgment was entered imposing a sentence of two years probation [*see* Doc. 112].

On August 3, 2006, the government filed a motion to strike that judgment, essentially arguing that this court did not have jurisdiction to "reconsider" the judgment orally imposed on July 19, 2006 [*see* Doc. 116]. After further briefing by the parties [*see* Docs. 133 and 136], this court filed a memorandum and order on October 3, 2006, in which it granted the government's motion to strike and ordered the entry of an amended judgment imposing a sentence of incarceration for a period of 12 months and one day [Doc. 140]. It must be emphasized that this court did so reluctantly, acknowledging that it was "constrained to follow the law in light of the government's revised position." [*Id.* at p.10].

In view of the above, a substantial question of law has been raised as to whether this court's clear and acknowledged failure to fully consider a factor required under § 3553 is clear error that can be recognized under Rule 35. *See United States v. Vonner*, 452 F.3d 560, 566 (6th Cir. 2006) ("a sentence would be unreasonable if a district court failed to properly consider a relevant factor listed in Section 3553(a)"). Additionally, defendant's appeal raises a substantial question of this court's inherent power to correct a clear error of law or to prevent manifest injustice when it believes that a defendant has been sentenced to a term of incarceration whereas a term of probation would be more appropriate. As this court has already observed, "the original sentence was too harsh and greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)." [*See*

Doc. 110, p.4]. This court therefore concludes that there are "close questions" at issue in this appeal which can easily be defined as "substantial." Consequently, Mr. Houston should be released pending a full review of this case; otherwise, Mr. Houston runs the risk of serving a term of imprisonment which might be fully served before the merits of his appeal can be determined, which appeal could result in a term of probation.

II.

For all the reasons foregoing, defendant's motion to continue his release on the existing bond pending appeal [Doc. 142] is hereby GRANTED whereby it is ORDERED that Mr. Houston continue to be released on the bond currently in place pending final adjudication of this case through the appellate process.

**E N T E R :**

*s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE
